**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PICKULS GIZMO LTD.,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

Defendants.

Case No. 25-cv-01145

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff Pickuls Gizmo Ltd. ("Plaintiff") has brought an action for design patent and copyright infringement against various Defendants. Defendant Stcyutdaa ("Stcyutdaa") now moves to dismiss Plaintiff's claims against it for failure to state a claim.

For the reasons stated herein, Stcyutdaa's Motion to Dismiss [112] is denied.

## I. Background

The following factual allegations taken from the operative complaint [111] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff is the lawful assignee of all rights, title, and interest in and to U.S. Design Patent No. D982,233 (the "'233 Patent"), entitled "Guide for Hair Clippers." [111] ¶ 8; [111-3]. The '233 Patent was lawfully issued on March 28, 2023. *Id*. Figures 1.4

1

and 1.6, showing "a front view" and "an alternative perspective view" of the claimed device of the '233 Patent, are depicted below:

| Figure 1.4 | Figure 1.6 |
|---|---|
|  | |

Plaintiff alleges that Stcyutdaa infringes the '233 Patent by "making, using, selling, or offering for sale in the United States, or importing into the United States," infringing products. [111] ¶ 30; [111-5]. Images of Stcyutdaa's allegedly infringing product are provided below:

2



On September 9, 2025, Stcyutdaa moved to dismiss Plaintiff's design patent infringement claim[1] against it for failure to state a claim. [112].

## II.   Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2)

---

[1]Stcyutdaa also argues that Plaintiff fails to state claims for copyright infringement, trademark infringement, violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, and civil conspiracy. [112] at 3–4. Plaintiff's Amended Complaint, however, only accuses Stcyutdaa of design patent infringement. [111] ¶¶ 27–33; [111-1]. No other cause of action is asserted against it. Stcyutdaa additional arguments, therefore, are inapplicable.

3

(requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. But the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.    Analysis

Stcyutdaa raises two arguments in support of dismissal.[2] The first is that Plaintiff's allegations are deficient as they provide "no factual detail on the

---

[2]Stcyutdaa opening brief argued that Plaintiff failed to state a claim for infringement of U.S. Design Patent No. 1,074,223 (the "'223 Patent"). [112] at 3. Stcyutdaa is accused, though, of infringing the '233 Patent, not the '223 Patent. Stcyutdaa's reply

similarities [between the '233 Patent and its products]" nor explain "which ornamental features (*e.g.*, the specific curvature of the handle, teeth configuration, or proportions) are appropriated" or "how an ordinary observer would be deceived." [123] at 3–4 (cleaned up). At the pleading stage, however, Plaintiff is only required to put Stcyutdaa on "notice of what activity is being accused of infringement." *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1221 (Fed. Cir. 2025). Plaintiff does so here: it identifies the '233 Patent, provides images of specific products sold by Stcyutdaa that allegedly infringe the '233 Patent, and asserts that Stcyutdaa has "infringed Plaintiff's design patent because … the ornamental design of Plaintiff's design patent and the overall design features of [Stcyutdaa's] products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer." [111] ¶¶ 28, 29, 32; [111-3]; [111-5]. This is enough to put Stcyutdaa on notice. Additional written description of how Stcyutdaa's products infringe the '233 Patent is not required. *See Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (reversing dismissal where the district court required the complaint to explain "how each Defendant has infringed the protected [design] patent."); *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding photos of

---

brief explains that the reference to the '223 Patent was a typographical error and thereafter made arguments with respect to the '233 Patent. [123] at 1–5. While typically "arguments raised for the first time in the reply brief are waived," *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011), given the parties' extensive briefing with respect to the '233 Patent and the fact that this Court allowed Plaintiff to file a surreply addressing the '233 Patent, the Court finds it appropriate to address the merits of Stcyutdaa's argument that Plaintiff fails to state a claim for infringement of the '233 Patent.

5

accused products and allegations that the accused products met "each and every element of at least one claim" "enough to provide … fair notice of infringement of the asserted patents.").

Stcyutdaa alternatively maintains that Plaintiff's infringement claim fails because the design of its product is not substantially similar to the '233 Patent. In determining whether design patent infringement occurred, a court considers "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). "It is not unheard of for a district court to grant a motion to dismiss a design infringement claim, finding that the plaintiff has not plausibly alleged that the ordinary observer would be deceived." *Midwest Goods Inc. v. Breeze Smoke LLC*, No. 23 C 5406, 2024 WL 2785066, at *5 (N.D. Ill. May 30, 2024). However, because "[d]esign patent infringement is a question of fact," *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010), such instances require the "claimed design and the accused design [to be] sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Midwest Goods*, 2024 WL 2785066, at *5 (citing *Egyptian Goddess*, 543 F.3d at 678); *see also Trove Brands, LLC v. TRRS Magnate LLC*, No. 2:22-CV-02222-TLN-CKD, 2025 WL 776563, at *4 (E.D. Cal. Mar. 11, 2025) ("Courts ordinarily do not dismiss a sufficiently pled patent design infringement claim based on a comparison of the subject designs, unless the claimed design and

6

accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them.") (citation omitted).

While Stcyutdaa points to several design differences between its products and the '233 Patent, including the "distinct handle cutouts and texture" and "short handle," [123] at 4, these differences in isolation do not make the overall designs so plainly dissimilar that it is implausible an ordinary observer would confuse them. *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1131 (Fed. Cir. 2019) ("An ordinary observer is deceived by an infringing design as a result of similarities in the overall design, not of similarities in ornamental features considered in isolation.") (citation omitted). The overall designs—a flat, elongated handle with a curved end attached to a fine-toothed comb that extends perpendicularly from the handle—convey a similar aesthetic. Whether the differences that Stcyutdaa identifies will ultimately carry the day to defeat a finding of infringement is an analysis that is more appropriate for summary judgment, not a motion to dismiss. At this stage, Plaintiff's allegations are enough to state a claim.

## IV. Conclusion

For the stated reasons, Stcyutdaa's Motion to Dismiss [112] is denied.

E N T E R:

Dated: April 6, 2026

_____
MARY M. ROWLAND
United States District Judge

7